*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0394p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re:  CHARLES JOYCE CAIN and CHRIS ALAN CAIN,
            *Debtors.*

---

CHARLES JOYCE CAIN and CHRIS ALAN CAIN,
                        *Plaintiffs-Appellants,*

  *v.*

WELLS FARGO BANK, N.A.,
                        *Defendant-Appellee.*

No. 04-1372

>

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 04-00028—Richard A. Enslen, District Judge.

Argued:  March 14, 2005

Decided and Filed:  September 16, 2005

Before:  NELSON and BATCHELDER, Circuit Judges; O'MALLEY, District Judge.[*]

---

## COUNSEL

**ARGUED:**  Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellants.  Ronald E. Greenlee, KENDRICKS, BORDEAU, ADAMINI, CHILMAN & GREENLEE, Marquette, Michigan, for Appellee.  **ON BRIEF:**  Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellants.  Ronald E. Greenlee, KENDRICKS, BORDEAU, ADAMINI, CHILMAN & GREENLEE, Marquette, Michigan, for Appellee.

---

## OPINION

---

        DAVID A. NELSON, Circuit Judge.  The main question presented in this bankruptcy appeal is whether a default on a residential mortgage may be "cured" through the filing of a Chapter 13 petition and plan after a foreclosure sale but before the expiration of a state-law redemption period. The bankruptcy court and district court held that the plain language of 11 U.S.C. § 1322(c)(1)

---

[*]The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

compels a negative answer. We agree. Like the lower courts, we conclude that regardless of whether a right of redemption survives the sale under state law, § 1322(c)(1) unambiguously designates the foreclosure sale itself as the event that terminates a Chapter 13 debtor's right to cure a home mortgage default by filing a plan that calls for repayment outside the redemption period. The challenged judgment will be affirmed.

I

The defendant, Wells Fargo Bank, N.A., held a mortgage on the principal residence of the plaintiff debtors, Charles Joyce Cain and Chris Alan Cain. The Cains defaulted on the mortgage, and the Bank purchased the property at a foreclosure sale on September 19, 2003. Michigan law allowed the Cains six months to redeem the property by paying the Bank the foreclosure sale price plus interest. See Mich. Comp. Laws § 600.3240.

On October 1, 2003 — twelve days after the foreclosure sale — the Cains filed for protection under Chapter 13 of the Bankruptcy Code. At the same time the Cains filed a Chapter 13 plan under which the Bank would retain its mortgage and the Cains would repay their indebtedness over the life of the plan. (The plan extended beyond the time remaining in the redemption period.) The Bank objected to confirmation of the plan, pointing out that it had already acquired the property at the mortgage foreclosure sale subject only to the Cains' right of redemption. The redemption period, the Bank argued, was not extended or stayed by the Cains' bankruptcy filing.

The bankruptcy court sustained the Bank's objection, holding that 11 U.S.C. § 1322(c)(1) "does not allow the Debtors to cure home mortgage defaults after the foreclosure sale." The Cains appealed to the district court, which affirmed the bankruptcy court's order on March 10, 2004. The redemption period expired nine days later. The Cains have perfected a timely appeal to this court.

The Cains no longer occupy the house, and the Bank has attempted to sell it. The property remained on the market as of the time of oral argument.

II

The Bank suggests that this case is moot. We do not think so. As far as we know, the property has not been resold. Even if it has been, the purchaser (who would have had at least constructive notice of these proceedings) would have taken title subject to the Cains' equitable interest. The property could thus be returned to the Cains and the mortgage reinstated were we to reverse the lower court's judgment.

III

Under the current language of the Bankruptcy Code, a Chapter 13 plan may provide for the curing of "a default with respect to . . . a lien on the debtor's principal residence . . . *until such residence is sold at a foreclosure sale that is conducted in accordance with applicable non-bankruptcy law*." 11 U.S.C. § 1322(c)(1). (Emphasis supplied.) The question presented here is whether a foreclosure sale is not a foreclosure sale for purposes of § 1322(c)(1) until the expiration of any post-sale redemption period.

The meaning of § 1322(c)(1), which took effect in 1994, is a question on which the courts have "divided into two main schools of thought." *In re Crawford*, 232 B.R. 92, 95 (Bankr. N.D. Ohio 1999).

> "Generally, one line of cases holds that the new statutory language is unambiguous and cuts off the right to cure at the foreclosure auction. The other line of cases finds the language ambiguous, looks to the legislative history for guidance, and concludes

that the debtor's right to cure extends beyond the auction date to the point in time where the sale is completed under state law." *Id.* at 95-96.

We agree with the courts that have held § 1322(c)(1) to be unambiguous. In our view, "a foreclosure sale" is a single, discrete event — typically an auction at which the highest bidder purchases the property. See *Crawford*, 232 B.R. at 96; *In re McCarn*, 218 B.R. 154, 160 (BAP 10th Cir. 1998). But see *In re Beeman*, 235 B.R. 519, 525 (Bankr. D.N.H. 1999) (holding that a foreclosure sale occurs "upon the completion of a *process*, and not upon the occurrence of a single event such as a foreclosure auction").

Our interpretation is consistent with *In re Glenn*, 760 F.2d 1428 (6th Cir.), *cert. denied*, 474 U.S. 849 (1985), a pre-1994 case that arose under 11 U.S.C. § 1322(b). (That section of the Code allows Chapter 13 plans to "provide for the curing or waiving any default." 11 U.S.C. § 1322(b)(3); see § 1322(b)(5).) We held in *Glenn* that a Chapter 13 debtor's right to cure a default on a home mortgage terminates on the foreclosure sale of the mortgaged property. *Glenn*, 760 F.2d at 1435. In so holding we expressly rejected "the day the redemption period expires following sale" as "the cut-off date of the statutory right to cure defaults . . . ." *Id. Glenn* is obviously not controlling here, but we consider it instructive nonetheless.

We are not persuaded that the phrase "conducted in accordance with applicable non-bankruptcy law" expands the meaning of "foreclosure sale" to encompass a state-law redemption period. As we see it, this language does no more than require that the sale adhere to procedures mandated by state law. See *Crawford*, 232 B.R. at 96. It may be that the language "indicates that Congress intended state law to be determinative" of what constitutes a "foreclosure sale," *Beeman*, 235 B.R. at 525, but Michigan law plainly conceives of a foreclosure sale as a discrete event that occurs at a specified time and place. See Mich. Comp. Laws §§ 600.3216, 600.3220. It is true that the deed acquired by a purchaser at a Michigan foreclosure sale does not become operative until the running of the redemption period, see §§ 600.3232 and 600.3236, but a delay in the time when the deed becomes fully effective simply does not equate to a delay in the time of the sale.

Having concluded that § 1322(c)(1) is unambiguous, we need not consider its legislative history. Consideration of that history would not change our interpretation of the statute in any event. The legislative statement on which the Cains most heavily rely says that § 1322(c)(1)

"safeguards a debtor's rights in a chapter 13 case by allowing the debtor to cure home mortgage defaults at least through completion of a foreclosure sale under applicable nonbankruptcy law. However, if the State provides the debtor more extensive 'cure' rights (through, for example, some later redemption period), the debtor would continue to enjoy such rights in bankruptcy." H.R. Rep. No. 103-835, at 52 (1994), *quoted in Crawford*, 232 B.R. at 97.

As we read it, this statement indicates that § 1322(c)(1) provides a right to cure a home mortgage default until the completion of a foreclosure sale and that state law may provide additional "'cure' rights." It does not mean that the "completion of a foreclosure sale" occurs only upon the expiration of a state-law redemption period. To the contrary, it suggests that a redemption period comes "later" than "completion of a foreclosure sale." *Cf. In re Townsville*, 268 B.R. 95, 117 (Bankr. E.D. Pa. 2001) (concluding that "completion of a foreclosure sale," as used in H.R. Rep. No. 103-835, refers to "the event of the foreclosure sale (*i.e.*, the auction)").

We are satisfied that § 1322(c)(1) terminates a debtor's right to cure a home mortgage default "when the gavel comes down on the last bid at the foreclosure sale." *Crawford*, 232 B.R. at 96. **AFFIRMED.**