RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1555-MR

KIM TELESFORD-MAPP AND
ANTHONY MAPP                                                    APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 16-CI-401155


WATERSIDE TAX SERVICE AND
LAMONT ALLEN CHANDLER                                           APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Kim Telesford-Mapp and Anthony Mapp (the Appellants or Mapps) appeal from the Jefferson Circuit Court orders concerning the master commissioner's sale of the Mapps' property in Louisville, Kentucky. We affirm.

The Mapps, husband and wife, were co-owners of rental property, purchased by them in 2006, at 2204 West Chestnut Street in Louisville. The

Mapps became delinquent in tax payments, and a levy against them was assessed on January 1, 2014. Waterside Tax Service purchased the lien in July 2015 and one year later filed a foreclosure action against the Mapps (and other named parties) to collect monies due. Waterside requested that the property be sold to satisfy the lien and costs expended, including attorney fees.

In December 2017, the Jefferson Circuit Court entered judgment to Waterside and ordered the property to be sold the following month. Prior to sale, the property appraised for $65,000.00. The master commissioner's sale was held on January 19, 2018, and Lamont Chandler was the successful bidder for $25,000.00. On that same date, the Mapps filed for Chapter 13 bankruptcy protection in United States Bankruptcy Court for the Western District of Kentucky; they listed the Chestnut Street property as part of the debtors' estate.

The master commissioner filed the sale report a week later, noting that, because the purchase price was less than two/thirds (2/3) of the appraised value, the Mapps' six-month right of redemption was triggered as of the date of the sale. Kentucky Revised Statute (KRS) 426.530.[1] On February 1, 2018, Chandler

---

[1] This statute provides as follows:

> (1) If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds (2/3) of its appraised value, the defendant and his or her representatives may redeem it within six (6) months from the day of sale, by paying the original purchase money and ten percent (10%) per annum interest thereon, and any reasonable

filed a motion to confirm the sale and pay his bid price into court. The Mapps objected to Chandler's motion on the grounds that there were unresolved claims pertaining to the property; however, they did not file exceptions to the master commissioner's sale report.

On February 28 of that year, the circuit court entered the order paying into court and issued a deed to Chandler. In September 2018, the Mapps moved, pursuant to Kentucky Rule of Civil Procedure (CR) 60.02,[2] to vacate the order

---

costs incurred by the purchaser after the sale for maintenance or repair of the property, including but not limited to utility expenses, insurance, association fees, taxes, and the costs to conform the property to the minimum standards of local nuisance code provisions and other local ordinances as authorized in KRS 65.8801 to 65.8839.

(2) The defendant shall pay the redemption money to the clerk of the court in which the judgment was rendered or the order of sale was made. Upon payment by the defendant, the master commissioner shall convey the real property to the defendant.

(3) When the right of redemption exists, the purchaser shall receive an immediate writ of possession and a deed containing a lien in favor of the defendant, reflecting the defendant's right to redeem during the statutory period.

[2] CR 60.02 reads:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

confirming the sale. The circuit court, in an order dated October 9, 2018, ruled that it would withhold further action until the bankruptcy court determined whether the property in this litigation was part of the bankruptcy estate.

The bankruptcy court ordered, on December 10, 2018, that the subject property was not part of the bankruptcy estate, that the master commissioner's sale had been completed before the Mapps filed their bankruptcy action, and that the right of redemption period for the Mapps ended on July 19, 2018. Because the Mapps did not timely exercise their right of redemption, the bankruptcy court held that they no longer held any interest in the property. On February 21, 2019, the bankruptcy court denied the Mapps' motion to reconsider. The Mapps' bankruptcy petition was dismissed on June 4, 2019, for failure to appear.

The Jefferson Circuit Court, on August 13, 2019, adopted the bankruptcy court's findings and denied the Mapps' September 2018 motion to vacate the order confirming the master commissioner's sale. A writ of possession was entered on October 3, 2019, and the Mapps filed their appeal a week later.

The entirety of the Mapps' prayer for relief hinges on what time the gavel fell at the master commissioner's sale, *i.e.*, whether the bidding on the

that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

-4-

subject property concluded prior to the Mapps filing their petition in bankruptcy court. The findings of the bankruptcy court were based on the evidence presented by the parties and clearly state: the gavel fell at 10:43 a.m. on January 19, 2018. Chandler texted a friend at 10:57 a.m. that he had the successful bid. He presented proof of his 10% purchase money, and he left the master commissioner's office at approximately 11:14 a.m. The bankruptcy petition was time-stamped as filed at 11:24 a.m. on that same date.

The Mapps contend that the circuit court abused its discretion when it failed to uphold their right of redemption, arguing that "the date of the confirmation of sale is the timing mechanism" for them to exercise their right rather than when the gavel fell. Until the master commissioner's affidavit was filed on August 28, 2018, the Mapps continue, "there was no way for Appellants to be sure that the Property was sold prior to the filing of the bankruptcy." Because the bankruptcy court included the master commissioner's affidavit in its ruling, the Mapps insist that the sale could not have been confirmed prior to that date, thus extending their right of redemption for six months hence.

> On appeal, "[w]e review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

*Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

*VerraLab Ja LLC v. Cemerlic*, 584 S.W.3d 284, 287 (Ky. 2019).

"[A] debtor's right to cure a home mortgage default [is] 'when the gavel comes down on the last bid at the foreclosure sale.'" *In re Cain*, 423 F.3d 617, 621 (6th Cir. 2005) (citing to *In re Crawford*, 232 B.R. 92, 96 (Bankr. N.D. Ohio 1999). Nothing in the Mapps' arguments convinces us otherwise. We have examined the record thoroughly and can find no abuse of discretion nor irregularity of any kind. The circuit court properly denied the Mapps' CR. 60.02 motion. *VerraLab*, 584 S.W.3d at 288.

The judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Marque Carey
Louisville, Kentucky

BRIEF FOR APPELLEE
LAMONT ALLEN CHANDLER:

Brad Lammi
Louisville, Kentucky